**CAROL J. BERNICK, OSB #89409**
carolbernick@dwt.com
**CAROL A. NOONAN, OSB #02407**
carolnoonan@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Of Attorneys for Applied Materials, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**RICHARD KUYAT, an individual**

**PLAINTIFF,**

v.

**APPLIED MATERIALS, INC., a Delaware Corporation**

**DEFENDANT.**

Case No. CV-03-1366-MO

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE AND SUPPLEMENTAL FACTS**

Pursuant to L.R. 56.1(b)(3), defendant Applied Materials, Inc. ("Applied Materials") hereby submits the following reply to Plaintiff's Response to Defendant's Concise Statement of Material Facts and Other Relevant Facts:

Reply to Plaintiff's Responses to Applied Materials' Concise Statement of Material Facts

1. No response.

2. No response.

3. No response.

4. Plaintiff's statement that "none of the 'one on one' counseling sessions constituted verbal warnings as part of progressive discipline" contains a conclusion of law. In response to the conclusion of law, Applied Materials denies that it had or has a policy of

progressive discipline. (Pl.'s Dep. 12:18-13:5; Noonan Decl. ¶ 14, and Ex. M thereto (previously filed); Driggars Dep. 63:16-20; Junk Dep. 36:17-37:21.).

5. No response.

6. Plaintiff does not deny that he told Mr. Prestwich over the phone, regardless of his intentions at the time or in hindsight, that because he did not attend the event, he would be assigned additional items of work in the future, that he encouraged some of his subordinates to drink alcohol, that plaintiff's subordinates felt pressure to drink, and were offended by what they considered to be inappropriate conduct by plaintiff, and that he instructed one of his subordinates to put the tab for the dinner and drinks on the subordinate's company credit card, and told the subordinate how to submit the expense to avoid detection. These facts should be deemed admitted.

7. No response.

8. Plaintiff's denial of Applied Materials' statement that "Ms. Driggars conducted an investigation, carrying out lengthy interviews with several employees who had been present at the dinner on June 13" is not supported by any citation of evidence, and is contrary to the testimony of Mr. Driggars. It should therefore be deemed admitted.

9. Plaintiff's supplemental statement that "Plaintiff does not accept that the 3rd parties would so state" is not supported by any citation of evidence, and is contrary to the testimony of Mr. Driggars. Applied Materials therefore denies the statement and Applied Materials' facts should be deemed admitted.

10. Plaintiff's statement that "none of the 'one on one' counseling sessions constituted verbal warnings as part of progressive discipline" contains a conclusion of law. In response to the conclusion of law, Applied Materials denies that it had or has a policy of progressive discipline. (Pl.'s Dep. 12:18-13:5; Noonan Decl. ¶ 14, and Ex. M thereto (previously filed); Driggars Dep. 63:16-20; Junk Dep. 36:17-37:21.).

11. No response.



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

12. No response.

13. No response.

14. No response.

15. No response.

16. Plaintiff's statement that "Applied Materials did not follow it's [*sic*] written procedures and instead required cause and at least one verbal and one written notice to employees before discharge" contains a conclusion of law. Applied Materials denies the conclusion of law that "Applied Materials did not follow it's [*sic*] written procedures and instead required cause and at least one verbal and one written notice to employees before discharge." (Pl.'s Dep. 40:19-41:23; Pl.'s Dep. 17:2-17; 20:25-22:3; 25:5-27:5; Hutchens Dep. 47:9-48:25; Driggars Dep. 64:5-22; Junk Dep. 37:9-39:18.). Additionally, Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment because the facts contained therein, even if true, are insufficient to create a contract between the parties.

17. The affidavit cited by plaintiff does not support his denial of the statement "No one at Applied Materials ever told plaintiff that he would not be terminated without prior verbal or written warning." The statement should therefore be deemed admitted. Moreover, plaintiff's denial is in direct conflict with his previous admission in his deposition. New allegations in plaintiff's affidavit do not create an issue of fact on this issue. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (plaintiff cannot create an issue of fact to avoid summary judgment by contradicting his sworn deposition testimony).

18. The affidavit cited by plaintiff does not support his denial of the statement that "In or about September 2001, Plaintiff was involved in terminating two of his subordinates in Colorado Springs for leaving the workplace during work hours. (Pl.'s Dep. 17:2-17.) The statement should therefore be deemed admitted.

19. No response.


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

Reply to Plaintiff's Other Relevant Material Facts

1. Applied Materials denies the statement to the extent that it conflicts with his deposition admission that no one at Applied Materials told him he would not be terminated without receiving a written warning. (Pl.'s Dep. 40:19-41:23.) New allegations in plaintiff's affidavit do not create an issue of fact on this issue. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (plaintiff cannot create an issue of fact to avoid summary judgment by contradicting his sworn deposition testimony).

2. Applied Materials denies the statement to the extent that it conflicts with his deposition admission that no one at Applied Materials told him he would not be terminated without receiving a written warning. (Pl.'s Dep. 40:19-41:23.) New allegations in plaintiff's affidavit do not create an issue of fact on this issue. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (plaintiff cannot create an issue of fact to avoid summary judgment by contradicting his sworn deposition testimony).

3. Applied Materials denies the statement to the extent that it conflicts with his deposition admission that no one at Applied Materials told him he would not be terminated without receiving a written warning. (Pl.'s Dep. 40:19-41:23.) New allegations in plaintiff's affidavit do not create an issue of fact on this issue. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (plaintiff cannot create an issue of fact to avoid summary judgment by contradicting his sworn deposition testimony). It also conflicts with plaintiff's own testimony that he and in-house counsel were involved in two terminations that did not involve any advanced warnings. (Pl's Dep. 17:2-29:9)

4. Applied Materials denies the statement to the extent that it conflicts with his deposition admission that no one at Applied Materials told him he would not be terminated without receiving a written warning. (Pl.'s Dep. 40:19-41:23.) New allegations in plaintiff's affidavit do not create an issue of fact on this issue. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (plaintiff cannot create an issue of fact to avoid summary judgment by


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

contradicting his sworn deposition testimony). Applied Material further denies the statement as vague and therefore inadmissible.

5. For purposes of summary judgment only, Applied Materials accepts the statement contained in paragraph 5.

6. Applied Materials denies the statement to the extent that it conflicts with his deposition admission that no one at Applied Materials told him he would not be terminated without receiving a written warning. (Pl.'s Dep. 40:19-41:23.) New allegations in plaintiff's affidavit do not create an issue of fact on this issue. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (plaintiff cannot create an issue of fact to avoid summary judgment by contradicting his sworn deposition testimony).

7. The statement in paragraph 7 contains a conclusion of law. In response to the conclusion of law, Applied Materials denies that it had or has a "cause/verbal and written notice policy." (Pl.'s Dep. 12:18-13:5; Noonan Decl. ¶ 14, and Ex. M thereto (previously filed); Driggars Dep. 63:16-20; Junk Dep. 36:17-37:21.). For purposes of summary judgment only, Applied Materials accepts the remainder of the statement contained in paragraph 7.

8. For purposes of summary judgment only, Applied Materials accepts the statement contained in paragraph 8. Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment because the facts contained therein, even if true, are insufficient to create a contract between the parties.

9. Applied Materials denies the statement in paragraph 9 because it conflicts with his deposition testimony that he was aware of, understood, and was responsible for applying Applied Materials' stated policy of employment at will (Pl.'s Dep. 10:22-25; 11:6-8; 12:18-13:5; 15:8-15; 15:24-16:2; 16:3-14; 147:5-17), and his testimony that no one at Applied Materials told him he would not be terminated without receiving a written warning. (Pl.'s Dep. 40:19-41:23.) New allegations in plaintiff's affidavit do not create an issue of fact on this issue. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (plaintiff cannot create an issue of fact to avoid


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

summary judgment by contradicting his sworn deposition testimony). Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment because the facts contained therein, even if true, are insufficient to create a contract between the parties.

10. The statement in paragraph 10 contains a conclusion of law. In response to the conclusion of law, Applied Materials denies that it had or has a "cause/verbal and written notice policy." (Pl.'s Dep. 12:18-13:5; Noonan Decl. ¶ 14, and Ex. M thereto (previously filed); Driggars Dep. 63:16-20; Junk Dep. 36:17-37:21.).

11. In response to paragraph 11, Applied Materials accepts that plaintiff did not receive a verbal or written warning that he would be discharged, prior to his discharge. Applied Materials adds that plaintiff did receive notice that he needed to improve his management skills and his interactions with his subordinates in one-on-one counseling sessions with Craig Hutchens (Pl.'s Dep. 53:9-12; 54:23-55:1; 57:13-58:3; Hutchens Dep. 19:3-14; Noonan Decl. ¶ 10, and Ex. I thereto (previously filed)), and in performance appraisals. (Pl.'s Dep. 118:2-5, 120:2-5, 122:6-16; Noonan Decl. ¶¶ 6, 7, and 8 and Exs. E, F, and G thereto.)

12. The statement in paragraph 12 contains a conclusion of law. In response to the conclusion of law, Applied Materials denies that it had or has a "cause/verbal and written notice requirement" policy. (Pl.'s Dep. 12:18-13:5; Noonan Decl. ¶ 14, and Ex. M thereto (previously filed); Driggars Dep. 63:16-20; Junk Dep. 36:17-37:21.).

13. The statement in paragraph 13 contains a conclusion of law. In response to the conclusion of law, Applied Materials denies that it had or has a "cause/verbal and written notice policy," or that plaintiff relied on it. (Pl.'s Dep. 12:18-13:5; 17:2-17; 20:25-22:3; 25:5-27:5; Noonan Decl. ¶ 14, and Ex. M thereto (previously filed); Driggars Dep. 63:16-20; Junk Dep. 36:17-37:21.).


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

14. For purposes of summary judgment only, Applied Materials accepts the statement contained in paragraph 14. Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment.

15. For purposes of summary judgment only, Applied Materials accepts the statement contained in paragraph 15. Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment.

16. For purposes of summary judgment only, Applied Materials accepts the statement contained in paragraph 16. Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment.

17. For purposes of summary judgment only, Applied Materials accepts the statement contained in paragraph 17. Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment.

18. Applied Materials accepts that in paragraph 23 of his affidavit, plaintiff stated that he believes that information contained in performance appraisals are relevant to the determination of appropriate discipline. The affidavit cited does not support the statement that performance appraisals are relevant to the determination of what discipline is appropriate at Applied Materials, and Applied Materials denies any such statement.

19. For purposes of summary judgment only, Applied Materials accepts the statement contained in paragraph 19. Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment.

20. The statement in paragraph 20 contains a conclusion of law. In response to the conclusion of law, Applied Materials denies that it had or has a "verbal and written warning requirement" or policy. (Pl.'s Dep. 12:18-13:5; Noonan Decl. ¶ 14, and Ex. M thereto (previously filed); Driggars Dep. 63:16-20; Junk Dep. 36:17-37:21.). Applied Materials accepts that "Plaintiff had communications with Human Resources about the discipline of two


DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

employees in Colorado Springs," and that "Plaintiff did not make the final decision. Human resources consulted with in-house counsel outside of plaintiff's presence."

21. For purposes of summary judgment only, Applied Materials accepts the statement in paragraph 21. However, Applied Materials denies that the cited testimony supports the statement. Applied Materials also maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment.

22. For purposes of summary judgment only, Applied Materials accepts the statement in paragraph 22. Applied Materials adds that plaintiff's supervisor in Rio Rancho, New Mexico suggested to plaintiff that his career would likely plateau if he stayed in Rio Rancho. The supervisor suggested to plaintiff that if plaintiff wished his career to continue on an upward trend, he should relocate to Hillsboro, Oregon. (Pl.'s Dep. 44:25-45:25.)

23. For purposes of summary judgment only, Applied Materials accepts the statement in paragraph 23. Applied Materials adds that the decision not to consider a warning was made because, based on the severity of plaintiff's conduct, a warning was not appropriate. (Hutchens Dep. 42:2-13.)

24. Applied Materials accepts that he was informed that he was discharged due to violation of company policy. Applied Materials denies that "[w]arnings are to be issued to employees if there is a violation of company policy," which statement is not supported by the cited testimony. Ms. Junk testified:

> We utilize warnings based on – when we review case by case, generally warnings would be given based on the severity of either a policy violation or level of performance....
>
> If someone behaved in a way that was in violation of one of our policies, we would advise them of that through some sort of warning. It's based on the incident, I have to say. There's no formula, but based on the incident and the severity of the circumstances.



DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

25. Applied Materials accepts the statement in paragraph 25. Applied Materials maintains that the statement is not material to or necessary for the court's determination of its Motion for Summary Judgment.

DATED this 9th day of July, 2004.

**DAVIS WRIGHT TREMAINE LLP**

By [signature]
**CAROL J. BERNICK,** OSB #89409
**CAROL A. NOONAN,** OSB #02407
(503) 241-2300
Of Attorneys for Applied Materials

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE AND SUPPLEMENTAL FACTS** document on:

Gerald Brask
Attorney at Law
4475 SW 185th Avenue
Aloha, OR 97007

Attorney for Plaintiff

☑ by causing a copy to be electronically mailed to said attorneys at their last-known e-mail address by way of the US District Court's ECF system on the date set forth below.

☐ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorneys' last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said attorneys' address as shown above on the date set forth below;

☐ by personally handing a copy thereof to said attorneys on the date set forth below;

☐ by faxing a copy thereof to said attorneys at their last-known facsimile number on the date set forth below.

Dated this 9th day of July, 2004.

DAVIS WRIGHT TREMAINE LLP

By: [signature]
CAROL J. BERNICK, OSB #89409
CAROL A. NOONAN, OSB #02407
Of Attorneys for Defendant